UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cr-00221-MOC-DCK

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| ROBERT LESLIE STENCIL | ) | |
| DANIEL THOMAS BROYLES SR. | ) | |
| KRISTIAN F. SIERP | ) | |
| LUDMILA O. STENCIL | ) | |
| MARTIN DELAINE LEWIS | ) | |
| NICHOLAS FLEMING | ) | |
| MICHAEL ALLEN DUKE | ) | |
| PAULA SACCOMANNO | ) | |
| DENNIS SWERDLEN, | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on the government's Motion to Determine Applicability of Joint Crime Exception to the Spousal Communication Privilege (#127). In the motion, the government reflects consultation with counsel for the interested defendants, Robert Leslie Stencil and Ludmila O. Stencil, who are married and that they oppose the motions. Counsel for the interested parties have confirmed that they oppose the motion, but that they will not be filing a responsive brief.

**FINDINGS AND CONCLUSIONS**

The government requests that the Court find that the joint crime exception to the spousal communications privilege applies and eliminates any protection over communications between defendant Leslie Stencil and his wife, co-defendant Ludmila Stencil, relating to the criminal scheme. Such determination would allow the government to review, inquire about, and use such

1

communications, eliminating the need for a taint team which has to this point reviewed the actual documents.

Among the bundle of rights and privileges enjoyed by spouses is a limited right to protect the confidentiality of certain, but not all, marital communications. *The New Wigmore: Evidentiary Privileges* § 1.3. The marital privilege is in fact two distinct privileges: the spousal testimonial privilege; and the marital communication privilege. At issue here is the marital communication privilege, which allows either defendant-spouse to bar the disclosure of confidential communications between him and his wife. United States v. Parker, 834 F.2d 408, 410–11 (4th Cir. 1987).

Private discussions and information that spouses may exchange is confidential and is protected by the privilege. Blau v. United States, 340 U.S. 332, 333 (1951). Excepted from such privileged status are communications or exchanges of information that have to do with the commission of a crime in which both spouses played a role. United States v. Broome, 732 F.2d 363 (4th Cir.). Such communications fall under the joint crime exception, which requires courts to balance the privacy of the marital relationship with the public need for the "revelation of truth and the attainment of justice." United States v. Parker, 834 F.2d 408 (4th Cir.1987). The privilege is narrow and the party asserting the privilege bears the burden of establishing all of its essential elements. United States v. Acker, 52 F.3d 509, 515 (4th Cir. 1995). The exception to the privilege is broad and well encompasses statements made during the commission of a crime as well as "statements made in the course of successfully formulating and commencing joint participation in criminal activity." Parker, 834 F.2d, at 413.

Having carefully reviewed the Motion, the supporting memorandum, and the exhibits attached to the memorandum, the Court finds that the communications and information outlined

therein fall squarely in the joint crime exception and that the public's need for truth and the attainment of justice outweighs these defendants' interest in the privacy of marital communications as the communications appear to relate to activities in furtherance of the alleged criminal conduct.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the government's Motion to Determine Applicability of Joint Crime Exception to the Spousal Communication Privilege (#127) is **GRANTED**, and the documents identified as spousal communications relating to the criminal scheme are **RELEASED** to the Government's prosecution team. It is further **ORDERED** that the government is permitted to review, inquire about, and use such communications in this matter, including use in interviews of witnesses, court filings, and further proceedings.

Signed: August 25, 2017

Max O. Cogburn Jr
United States District Judge